*508 Opinion of
the Court.
THIS case was heretofore decided by this court. The defendant below had filed a plea to which the plaintiff demurred, and the court below had sustained that demurrer and decided the plea insufficient, and rendered judgment for the plaintiff. That judgment was reversed and the plea decided to be good, and the court remanded the cause for new proceedings. The opinion of this court at one term, was entered of record in the court below, and no other proceedings were had until the ensuing term, when there is an entry to this effect: "This day came the parties by their attorneys, and the plaintiff filed a replication lo the defendants’ second pica, therein pleaded,” &c. Then follows a jury and judgment for the plaintiff, to reverse which, this writ of error is prosecuted.
The correct mode of proceeding in the court below, on the return of the former opinion of this court, was, to have entered a peremptory judgment on the demurrer for the defendant, unless the plaintiff had tendered a valid replication, and asked leave to withdraw the demur *509 rer and file the replication. This, however, is not done; but the entry is made of filing the replication only. Whatever may be the law with regard to both a plea and demurrer to the same declaration, at the same time, it does not extend to any other part of the pleadings.
But, if the record contains no replication, nor any account why it does not appear, but merely a notice that, one was filed the court of appeals can not know what issue was joined; and a judgment for the plaintiff, in opposition to a valid plea in bar, must be reversed.
As to them, issues in law ought to be withdrawn before the issue in fact is made up, to make the record speak the faithful and complete history of the cause, and not present the absurdity of both admitting and denying or avoiding the same facts at the same moment. We do not say that the rigid application of this rule to this record, ought to reverse the judgment; for a liberal construction placed upon it, might induce us to say that the filing of the replication was a virtual withdrawal or abandonment of the demurrer, if, in fact, any replication existed. But here, no replication appears, and there is nothing to account for its absence, and there is no way of telling what issue is tried. This case, then, presents a valid plea in bar, unanswered by the plaintiffs below, and yet a judgment against the defendant, without any issue joined answering his plea with a negative, or presenting an avoidance of its effect. We cannot, therefore, according to well settled principles, sustain this judgment, and it must be reversed.
Judgment reversed.